UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:

INVESTORS CAPITAL PARTNERS II, LP                    CASE NO. 12-11675
                                                                                CHAPTER 11
        DEBTOR IN POSSESSION

**MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN UNSECURED POSTPETITION FINANCING; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO THE POSTPETITION LENDERS; AND (III) SCHEDULING A FINAL HEARING**

Come the Debtors in possession, Investors Capital Partners II, LP, Investors Capital Partners I, LP, Investors Land Partners II, LP, and Investors Towne Center Partners I, LP (each a "Debtor" and collectively the "Debtors"), by counsel, and hereby move the Court for entry of an interim order and a final order, pursuant to 11 U.S.C. § 364(b) and Rule 4001(c) of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules"): (a) authorizing the Debtors and each of them to obtain postpetition financing as described herein; (b) granting the Postpetition Lenders an administrative expense claim pursuant to 11 USC §§ 364(b) and 503(b)(1), each on the terms set forth herein; and (c) scheduling a final hearing. In support of this Motion, the Debtors respectfully represent as follows:

**RULE 4001 STATEMENT**

1.     The Debtors seeks authority to obtain postpetition financing on an interim basis, and on a final basis pending notice, opportunity, and a final hearing, pursuant to the terms and conditions as set forth herein.

2.     The basic terms of the financing include the following:

(a) Pursuant to 11 U.S.C. § 364(b), various limited partners of the Debtors (collectively the "Postpetition Lenders") have agreed to and will provide the Debtors with postpetition funding in various incremental amounts on an as-requested and as needed basis (the "DIP Loan"). The total amount of the DIP Loan shall not exceed $200,000 dollars on a collective basis.

(b) The Postpetition Lenders will not receive a lien or security interest in any property of the Debtors. The DIP Loan is unsecured. Pursuant to 11 U.S.C. §§ 364(b) and 503(b), the Postpetition Lenders shall be entitled to an administrative expense claim in the amount of their respective portion(s) of the DIP Loan to the Debtors. The DIP Loan will bear no interest and shall be repaid as may be agreed in the Debtor's Chapter 11 plan(s).

(c) The DIP Loan proceeds shall be made available to the Debtors upon request after entry of the interim order approving the Postpetition Financing (the "Interim Order"). The Debtors shall deposit said funds in the escrow account of DelCotto Law Group PLLC, ("DLG") to be held segregated as Estate funds. DLG shall file a notice of receipt each time it receives such funds.

(d) The Debtors shall use the DIP Loan proceeds in accordance with the attached budget for the payment of postpetition ordinary course expenses, such as insurance, taxes, property maintenance and management, UST fees, and payments to any vendors, without further order of the Court. The proceeds shall also be available to pay any postpetition allowed professional fees and expenses of Estate professionals, on a pari passu basis, but only after allowance and further court order. Except for the payment of professional fees, DLG, on behalf of the Debtors' Estates, shall be authorized to pay the ordinary course expenses without further orders of this Court.

(e) The DIP Loan shall be repayable upon confirmation of the Debtor's Chapter 11 plan, on terms as to be agreed to by the Postpetition Lenders and each Debtor under the terms of each Debtor's Plan. If no plan is confirmed, the DIP Loan shall be an administrative claim from the Chapter 11 case upon entry of any order dismissing or converting the case to Chapter 7.

## JURISDICTION AND VENUE

1. On December 19, 2012, the Debtors Investors Capital Partners II, Investors Capital Partners I, and Investors Land Partners II filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). On January 2, 2013, Investors Towne Center Partners I filed. The Debtors are operating their businesses and managing their affairs as debtors and debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The Debtor Investors Capital Partners II ("Capital II") is a Tennessee limited partnership with its principal assets in Barren County, Kentucky. There is no dispute that venue in this Court is proper for the Capital Partners II matter.

4. Venue has been challenged for Debtors Investors Capital Partners I ("Capital I"), Investors Towne Center Partners I ("Towne Center"), and Investors Land Partners II ("Land II"). While these Debtors have asserted that venue for all four of the Debtors' Chapter 11 cases are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, this issue is submitted for adjudication.

5. No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has yet been appointed.

## BACKGROUND

6. Capital II owns an approximately thirty-five acre commercial development near Glasgow, Kentucky. The Capital II property is home to a Marquee Cinema complex, a Dollar Tree and an Aaron's Rents locations, and also consists of seven parcels of undeveloped land.

7. Capital I owns multiple parcels of undeveloped land near Nolensville, Tennessee.

8. Land II owns partially developed land, consisting of six adjoining parcels of real property, near Nashville, Tennessee.

9. Towne Center owns an approximately 4.3 acre commercial development in Brentwood, Tennessee. The Towne Center property is home to a Corky's barbeque restaurant, Ace Hardware, jewelry store, hair salon, a financial services provider, and additional acreage.

10. The Debtors' bank lenders, Capital and PBI, began foreclosure proceedings against the assets of each of the respective Debtors after debt obligations matured and were not renewed.

11. The Debtors were unable to reach agreements with their lenders that would allow the Debtors to reorganize their debts in an orderly manner and maximize values. The Debtors sought bankruptcy relief in order to develop plans to reorganize operations and restructure debts, and/or to conduct marketing for an orderly Section 363 sale, for the benefit of all creditors and parties in interest.

**RELIEF REQUESTED**

12. The Debtors seek entry of an Interim Order, followed by a Final Order of substantially similar terms. A proposed interim order is tendered herewith, and a proposed final order will be tendered in advance of any final hearing. Among other things, the interim order:

    a. authorizes the Debtors to obtain the DIP Loan of up to a collective sum of $200,000, and grants the Postpetition Lenders an allowed administrative expense claim pursuant to 11 U.S.C. §§ 364(b) and 503(b) with respect to the Postpetition Financing, up to the amount each respective Lender funds;

    b. schedules a Final Hearing to approve the Postpetition Financing; and

    c. grants such further and related relief as the Court deems just and equitable.

13. 11 U.S.C. § 364(b) provides that, after notice and hearing, the court may authorize a debtor "to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under § 503(b)(1) of this title as an administrative expense." 11 U.S.C. § 364(b).

14. The Debtors require funding for the payment of the actual, necessary costs and expenses of preserving the Debtors' Estates and for the necessary costs and expenses of being in a Chapter 11 proceeding, including all professional costs and UST fees incurred during the course of chapter 11 proceedings.

15. The Postpetition Lenders are loaning the funds to the Debtors on an unsecured basis, and shall be entitled to an administrative expense for the repayment of such Loan on such terms as may be agreed to in a Plan and subject to confirmation.

16. The terms and conditions of the DIP Loan are fair, reasonable, the best available under the circumstances and are the product of good-faith, arms-length negotiations between the Debtors and the Postpetition Lenders. The Postpetition Lenders are in most cases existing prepetition limited partners of the Debtors and affiliated entities. The Debtors are unable to

obtain financing from any other parties on more favorable terms. The secured lenders have been unwilling to permit any use of cash collateral of the Debtors, and continue to collect same pending further orders of the Court. Given the expenses of a bankruptcy proceedings and the ongoing operating costs, the DIP Loan is necessary to provide Debtors a reasonable opportunity to pursue a successful restructuring or sale of their respective assets.

17. Unless the Debtors are authorized to obtain the DIP Loan requested herein under the terms and conditions set forth herein, the Debtors will not have sufficient available sources of working capital to operate the businesses and pay all administrative expenses arising after the Petition Date necessary to formulate and pursue a restructuring or sale of assets. The Debtors' respective ability to continue as debtors in possession is essential to each Debtor's continued viability and the preservation and maintenance of the going concern value of the Debtors' assets for any restructuring or sale in order to maximize return to the Estates and creditors.

18. The Debtors believe that the terms and conditions of the DIP Loan and Interim Order are fair, just, and reasonable under the circumstances, are appropriate for financing to a debtor in possession, reflect each Debtor's exercise of its prudent business judgment consistent with its fiduciary duty, and are supported by valuable and fair consideration. Accordingly, the Debtors believe that any credit extended under the terms of the Interim Order is extended in good faith by the Postpetition Lenders as that term is used in 11 USC § 364.

19. The Debtors state that the DIP Loan is the best and only financing opportunity available under the circumstances, and its approval is in the best interests of all creditors and other parties in interest.

20. Pending final approval of the DIP Loan, the Debtors request that this Court authorize them to obtain the Postpetition Financing on an interim basis, pursuant to Bankruptcy

Rule 4001(c), so as to avoid immediate and irreparable loss and harm to their businesses and associated harm to its creditors and other parties in interest. Only those amounts necessary to avoid irreparable harm will be spent immediately, with the remainder held in escrow pending the final order, and amounts earmarked for professional claims, only after allowance and further order.

21. The interim relief requested herein, pending a final hearing, is necessary, appropriate, warranted, and is essential to each Debtor's reorganization efforts in these cases.

22. The Debtors further request that this Court approve the form and manner of notice with respect to the final hearing. The Debtors propose that a final hearing on this Motion be scheduled within fifteen (15) days of the date hereof, and that the Court allow the Debtors to provide limited notice of such final hearing to (i) the appropriate taxing authorities; (ii) the secured lenders; (iii) any of the Debtor's other secured creditors; and (iv) the 20 largest unsecured creditors of each of the Debtors.

23. The Debtors also request that the Interim Order become final immediately upon entry notwithstanding Fed. R. Bank. P. 6004(g).

WHEREFORE, based on the foregoing reasons, the Debtors respectfully request that the Court enter the Debtors' proposed Interim Order, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ T. Kent Barber, Esq.
Laura Day DelCotto, Esq.
200 North Upper Street
Lexington, Kentucky 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
kbarber@dlgfirm.com
ldelcotto@dlgfirm.com
COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

### CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, hand delivery, facsimile, or electronic mail on February 22, 2013, on the parties listed on the attached proposed Master Service List.

/s/ T. Kent Barber, Esq.
COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

Z:\Clients\Investors Entities\Pleadings\DIP Financing Mot  ICP II 20130222.docx

## DIP Loan Budget

**Investors Capital Partners II, LP**

| **Expenses** | February | March | April | Total |
|---|---|---|---|---|
| Salary expenses | $ - | $ - | $ - | $ - |
| Payroll expenses | $ - | $ - | $ - | $ - |
| Outside services | $ - | $ - | | $ - |
| Supplies (office and operating) | $ 50.00 | $ 50.00 | $ 50.00 | $ 150.00 |
| Repairs and maintenance | $ 600.00 | $ 600.00 | $ 600.00 | $ 1,800.00 |
| Advertising | $ - | $ - | $ - | $ - |
| Car, delivery and travel | $ 150.00 | $ 150.00 | $ 150.00 | $ 450.00 |
| Accounting and Tax | $ 500.00 | $ 3,500.00 | $ 1,500.00 | $ 5,500.00 |
| Legal | $ 10,000.00 | $ 5,000.00 | $ 5,000.00 | $ 20,000.00 |
| Telephone | $ - | $ - | $ - | $ - |
| Utilities | Paid by Bank | Paid by Bank | Paid by Bank | |
| Insurance | $ 850.00 | $ 850.00 | $ 850.00 | $ 2,550.00 |
| Real Estate Taxes(2012) | $ - | $ - | | $ - |
| Real Estate Taxes(2011) | $ - | $ - | $ - | $ - |
| Trustee Fees | $ 975.00 | $ - | $ - | $ 975.00 |
| Management Fees | $ 1,200.00 | $ 1,200.00 | $ 1,200.00 | $ 3,600.00 |
| Postpetition Taxes | $ - | $ - | $ 50.00 | $ 50.00 |
| Misc. (unspecified) | $ - | $ - | $ - | $ - |
| **Total Expenses** | $ 14,325.00 | $ 11,350.00 | $ 9,400.00 | $ 35,075.00 |

**INVESTORS CAPITAL PARTNERS II, LP**
**INVESTORS CAPITAL PARTNERS I, LP**
**INVESTORS LAND PARTNERS II, LP**
**INVESTORS TOWNE CENTER PARTNERS I, LP**
Master Service List
January 9, 2013

U.S. TRUSTEE'S OFFICE
**VIA ECF**

INVESTORS CAPITAL PARTNERS II, LP
INVESTORS CAPITAL PARTNERS I, LP
INVESTORS LAND PARTNERS II, LP
INVESTORS TOWNE CENTER PARTNERS I, LP
c/o Laura Day DelCotto, Esq.
c/o T. Kent Barber, Esq.
**VIA ECF**

<u>Secured Creditors</u>

CAPITAL BANK
c/o Anthony G. Raluy, Esq.
Foley Bryant Holloway & Raluy
**VIA ECF**

PBI BANK, KENTUCKY
c/o Scott A. Backert, Esq.
Harned Backert & McGehee-Shacklette
**VIA ECF**

<u>Top 20 Unsecured Creditors</u>

AMERICAN ENGINEERS, INC.
c/o Dixie Nunnally
dnunnally@aci.cc
**VIA EMAIL**

BARGE WAGGONER & CANNON INC.
c/o Kim Hardin
kim.hardin@bwsc.net
**VIA EMAIL**

BRADLEY ARANT BOULT CUMMINGS LLP
c/o Bill Norton
bnorton@babc.com
**VIA EMAIL**

COLDWELL BANKER COMM. PROF.
c/o Tracy Brumley
**VIA EMAIL:  tracyb@realtracs.com**

CT CORPORATION
P.O. Box 4349
Carol Stream, IL 60197
**VIA U.S. MAIL**

DELAWARE SECRETARY OF STATE
Division of Corporations
P.O. Box 11728
Newark, NJ 07101
**VIA U.S. MAIL**

ENCE-EAST NASHVILLE CUTTING EDGE
142 Ivy Hill Lane
Goodlettsville, TN 37072
**VIA U.S. MAIL**

FRASIER, DEAN & HOWARD, PLLC
3310 West End Avenue
Ste 550
Nashville, TN 37203
**VIA U.S. MAIL**

GEOGHEGAN ROOFING & SUPPLY, INC.
c/o Kelly Geoghegan
geogheganroofing@bellsouth.net
**VIA EMAIL**

HALL PLANNING & ENG. INC.
c/o Rick Hall
**VIA EMAIL:  lmoore@hpe-inc.com**

LAURA BANKS ATTIAS
705 Postal Court
Casselberry, FL  32707
**VIA U.S. MAIL**

M & L ELECTRICAL, INC.
c/o Tracy Mosley
tracym@mlelectrical.com
**VIA EMAIL**

MADISON CONTRACTORS, INC.
21 Edenwold Rd.
Madison, TN 37115
**VIA U.S. MAIL**

MATT BISHOP
matthewbishoplaw@gmail.com
**VIA EMAIL**

MICHAEL ATTIAS
michael@rcsmailbox.com
**VIA EMAIL**

NES-NASHVILLE ELECTRIC SERVICE
1214 Church Street
Nashville, TN 37246
**VIA U.S. MAIL**

RAGAN SMITH ASSOCIATES
c/o Terry Hundley
thundley@ragansmith.com
**VIA EMAIL**

RALPH GREGORY PLUMBING CO., INC.
c/o Ralph Gregory
**VIA EMAIL:  rgplumbing@bellsouth.net**

ROGERS GROUP, INC.
P.O. Box 102798
Atlanta, GA  30368
**VIA U.S. MAIL**

S & S ELECTRIC CO.
c/o Steve Speakman
sandselectric@insightbb.com
**VIA EMAIL**

SOUTHERN EXTERMINATING, INC.
Neida Thompson
**VIA EMAIL:  neidat@bellsouth.net**

STANSELL ELECTRIC CO., INC.
860 Visco Dr.
Nashville, TN 37210
**VIA U.S. MAIL**

SUPERIOR FENCE SYSTEMS, INC.
superiorfence@glasgow-ky.com
**VIA EMAIL**

TOWNE & COUNTRY PARKING LOT SERVICE
c/o Cecil Christie
cecilchristie@scrtc.com
**VIA EMAIL**

TRANE SERVICE GROUP
c/o Robert Roers
**VIA EMAIL:  broers@trane.com**

TURF MANAGERS, LLC
2418 Felts Avenue
Nashville, TN  37211
**VIA U.S. MAIL**

WASTE MANAGEMENT OF NASHVILLE
**VIA EMAIL rmcbankruptcy@wm.com**

**Other Parties**

All About Care, LLC
d/b/a Comfort Keepers
9000 Church St.
Brentwood, TN 37027
**VIA U.S. MAIL**

Bolander Financial Group
1724 Church St. East
Brentwood, TN 37027
**VIA U.S. MAIL**

Dollar Tree Stores, Inc.
500 Volvo Parkway
Chesapeake, VA  23320
Attention:  Lease Administration #1492
**VIA U.S. MAIL**

Gravelle Consulting, Inc.
c/o The Gold Rush
1650 Memorial Blvd.
Murfreesboro, TN 37129
**VIA U.S. MAIL**

Kimberly Dale, Inc.
c/o Aaron's Rentals
4915 South Fork Drive
Lakeland FL  33813
**VIA U.S. MAIL**

Marquee Cinemas, Inc.
552 Ragland Road
Beckley, WV  25801
**VIA U.S. MAIL**

Oink, Inc.
d/b/a Corky's Restaurant
100 Franklin Rd
Brentwood, TN 37027
**VIA U.S. MAIL**

Phillip and Jacquelyn Burton
P.O. Box 994
Brentwood, TN 37027
**VIA U.S. MAIL**

The Lamar Companies
c/o Charles W. Lamar III
P.O. Box 66338
Baton Rouge, LA 70896
**VIA U.S. MAIL**

Z:\Clients\Investors Entities\Service\Combined MSL 20130109.doc