UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:

INVESTORS CAPITAL PARTNERS II, LP

DEBTOR IN POSSESSION

CASE NO. 12-11675
CHAPTER 11

**ORDER APPROVING DEBTOR'S (I) POSTPETITION FINANCING AND
(II) GRANTING ADMINISTRATIVE EXPENSE STATUS
TO THE POSTPETITION LENDERS**

This matter having come before the Court upon the Debtor's Motion for Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing; (II) Granting Administrative Expense Status to the Postpetition Lenders; and (III) Scheduling a Final Hearing (the "Motion") pursuant to 11 U.S.C. § 364(b), [ECF No. 44] (all terms not otherwise defined herein shall have the same meaning given such terms in the Motion), and notice of the Motion having been given and such notice being sufficient notice under the circumstances, and it appearing to the Court that the relief requested by the Motion is in the best interests of the Debtor and its creditors, is essential for the Debtor's respective reorganization efforts and is necessary to avoid immediate and irreparable harm to the Debtor's respective Estate, and good and sufficient cause appearing therefor;

IT IS ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A),(D) and (M).

2. Notice of the hearing on the Motion has been given to all parties in interest pursuant to the Notice of Hearing [ECF No. 47]. Under the circumstances, such notice of the hearing and the

1

specific relief requested in the Motion complies with the requirements of 11 U.S.C. § 102(1) and Bankruptcy Rules 2002 and 4001. The Debtor has provided adequate notice under the circumstances pursuant to Bankruptcy Rule 4001 of the hearing to consider entry of this Order to all persons who are entitled to receive such notice.

3. Good cause has been shown for entry of this Order. The entry of this Order is necessary to avoid immediate and irreparable loss and harm to the Debtor's assets and associated harm to its creditors and other parties in interest and is in the best interests of the Debtor's creditors and its Estate.

5. The Debtor is hereby authorized to obtain the Postpetition Financing of up to $200,000, and the Postpetition Lenders are hereby granted an allowed administrative expense claim pursuant to 11 U.S.C. §§ 364(b), and 503(b) with respect to the Postpetition Financing as advanced pursuant to the terms and conditions set forth in the Motion. The Debtor shall deposit said funds in the escrow account of DLG, to be held segregated as Estate funds. DLG shall file a notice of receipt each time it receives such funds. DLG, on behalf of the Debtor's Estate, is authorized to pay the ordinary course expenses contemplated herein without further order of this Court, but shall make no payments on account of professional fees without further order of this Court.

6. The Debtor is hereby authorized and directed to do and to perform all acts and make, execute, and deliver all instruments and documents which may be required or necessary for its performance under the provisions of this Order and the Motion, and the terms and conditions are hereby authorized and approved in their entirety.

7. Notwithstanding the provisions of Bankruptcy Rule 6004(g), this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.

2

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 21, 2013

Tendered by:

DELCOTTO LAW GROUP PLLC


/s/ T. Kent Barber, Esq.
Laura Day DelCotto, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
kbarber@dlgfirm.com
ldelcotto@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION


Z:\Clients\Investors Entities\Pleadings\DIP Financing Ord Final ICP II 20130320.doc